Filed 7/29/13  P. v. Gutierrez CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B244817 |
| Plaintiff and Respondent, | (Los Angeles County |
| v. | Super. Ct. No. NA090074) |
| WESLEY GUTIERREZ, | |
| Defendant and Appellant. | |

THE COURT:[*]

Defendant and appellant Wesley Gutierrez (defendant) appeals from an order revoking his probation and executing a previously suspended prison term.  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  On April 30, 2013, we notified defendant of his counsel's brief and gave him leave to file, within 30 days, his own brief or letter stating any grounds or argument he might wish to have considered.  That time has elapsed and defendant has submitted no letter or brief.  We have reviewed the entire record and finding no error or other arguable issues, we affirm the judgment.

_____

[*] BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

In 2011, defendant pled no contest under a plea agreement to possession for sale of cocaine base in violation of Health and Safety Code section 11351.5, as charged in the information, and admitted two prior narcotics convictions specially alleged pursuant to Health and Safety Code section 11370.2, subdivision (a), as well as four prison priors alleged pursuant to Penal Code section 667.5, subdivision (b).  On January 27, 2012, the trial court sentenced defendant according to the plea agreement to an aggregate term of 14 years in prison, comprised of the high term of five years, plus three years for each prior narcotics conviction, and one year for each of three prison priors.  The court suspended execution of the sentence, placed defendant on probation for five years conditioned upon the completion of one year in a Salvation Army residential drug rehabilitation program, as well as other conditions.

Defendant spent six months in the residential program and then left, claiming his probation officer told him he could leave to enter a nonresidential sober living program. Defendant admitted that he had understood and agreed to the terms of probation. Defendant's probation officers and a Salvation Army administrator testified that defendant had not obtained consent to leave the program and did not inform the probation department of his departure.

On October 1, 2012, the trial court found that defendant had willfully violated the condition of probation, ordered the original sentence executed and served in the county jail as provided by Penal Code section 1170, subdivision (h), and awarded defendant a total of 480 days custody credit.  The court also ordered defendant to pay mandatory fines and fees and to register as a narcotics offender upon release.  Defendant filed a timely notice of appeal.

We have examined the entire record and are satisfied that defendant's appellate counsel has fully complied with her responsibilities and that no arguable issue exists.  We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.